Tilghman C. J.
After stating the case, delivered the opinion of the Court, as follows:—The counsel for the defendant, prayed the Court to direct the jury, to the following effect.
1st. That if the jury should be of opinion, that John M'-Farlane, the son, occupied the 44 acres in dispute, under the acknowledged right of his father, and that lines were run, dividing the said 44 acres from the rest of the tract; then the possession of the son, was the possession of the father, who might take a warrant for the said 44 acres in his own name; or, in case the son took a warrant for the whole 200 acres, he would be a trustee for his father, as to the said 44 acres. To this, the Court answered, “ that if such a settlement was made by the father on the 1st December, 1779, as is directed by law, and his son was placed by him on the land, as his tenant, and if the land in question was comprehended within the said settlement, and if, added to this, he gave his son part of the said settlement, and reserved to himself part, including the said 44 acres, in such case, the settlement first made by the father, would extend as well to the 44 acres, as to the part given to the son, and would protect the right of the father.” I do not think, that this answer is so direct as to inform the jury distinctly, what was the Court’s opinion on the questions proposed; and in one respect, there appears to be an error. I mean in that part of the opinion, which supposes, that in order to vest in James M'-Far-lane, a right under his warrant, it was necessary that his settlement should have been in existence on the 1st December, 1779, the day from which he was to pay interest on the purchase money, according to his warrant. I should be at a loss to determine, whether that was really the meaning of the Court, were it not for another part of the Judge’s charge, in which the same sentiment is clearly expressed. These are his words, “ If the defendant has given no proof of any improvement or settlement on the land in question, by those under whom he claimed, on the lsi December, 1779, then *434 the warrant, which is founded on an alleged improvement, would be of no avail to him, and would vest no title to the land in dispute, or any part of it.” Now it is very clear, that if the defendant proved a settlement at any time, ■before the date of James MlFarlane’.s warrant, although subsequent to the 1st December, 1779, the warrant would be valid, and the land surveyed under it," would-be the estate of James M ‘ Far lane, unless there had been a prior appropriation of it by some other person. ' The 1st of December, 1779, was the time mentioned on the warrant, from which interest was to commence; and if the settlement were really made after that day, the Commonwealth would be the gainer, by receiving more interest than the warrantee ought to have paid. All which the law requires, is, that a settlement should actually be made before the issuing of the warrant. At what time it was made, is immaterial, except for the purposes of ascertaining the time, when the calculation of interest is to commence. I agree with the Judge, in another part of his charge which has been complained of, viz. that neither plaintiff nor defendant, should be permitted to allege' a settlement at anytime prior to the day mentioned in their warrants^ for the commencement of interest, because such allegation would be cbntrary to the averment in their warrants, and would shew that they had attempted to defraud the Commonwealth. This principle has been so well established, that.it must not now be disturbed. For- decisions directly in point, I refer to the cases of Carrol’s lessee v. Andrews. 2 Sm. L. 177. Merchant’s lessee v. Millison, 2 Sm. L. 178, and Reigart’s lessee v. Haverstock, &c. 2 Sm. L. 178. The counsel for'the defendant,- have endeavoured to. shew, that this case does not fall within the general principle, because the board of property-decided, on a caveat entered by John McRarlane, against the acceptance of the survey on his father’s warrant, that the title of the father originated in a settlement made by Alexander McClintoek, in the year 1766.- But the decision of the board of property can have no effect on the rules of the courts of law j and the rule by which a man is estopped from making an averment contrary to his warrant, was founded in some degree, on motives of policy ; to preserve purity of morals5 and to prevent fraud, by the fear of penalty. When it is understood, that a man hazards the loss of his land, by an attempt to deceive the officers of the land office, as to the *435 commencement of his settlement, there will he little danger of attempts to practise that kind of imposition.
The counsel for the defendant also prayed the opinion of the Court below on another point, and complained that no answer was given. In making out the title of the plaintiffs, the will of John Mi Far lane had been given in evidence, by which he devised “ all that, his messuage or tenement whereon he then lived, together with all and singular, the appurtenances thereunto belonging, to his sons John and Alexander, (the plaintiffs in this suit,) to hold to them, or their heirs or assigns for ever; to be divided among them according to an instrument drawn and in the hands of the heirs of Daniel McDaniel, deceased. The Court was requested to direct the jury, “ that this devise passed no title to the land in dispute, as the testator had been dispossessed of the land in dispute, four years before the date of the devise.”—It may be proper- to mention here, that the defendant had given in evidence, the record of .an action of ejectment, -in which Samuel Mitchell, claiming under James MlFarlane, had recovered the 44 acres now in dispute, from John MlFarlane, the testator. The Court below, no doubt through inadvertence, gave no opinion what ever on the point proposed, and the question being material to the support of the plaintiff’s title, the withholding of the opinion was error. Of the right of a testator to devise land of which he has been disseised, I think there can be no question. The tenures attached to the feudal system, never having prevailed in Pennsylvania, we have paid no regard to that principle of the English law, which requires seisin in order to authorise the alienation of land by deed or will. Our statute of wills, made in 1705, enacts, that “ all wills in writing, wherein or whereby any lands, tenements, or hereditaments within this province, have been, or shall- be devised,' being proved by two or more credible witnesses, &c. &c. shall be good and available in law, for the granting, conveying, and assuring of the lands or tenements, thereby given or devised.” In the case of Stoever (in error,) v. The lessee of Whitman, 6 Binn. 416, it was made a question, whether one out of possession could convey land by deed, and decided by this Court in the affirmative. The following is an extract of the opinion delivered by the Cpurt. When deeds and devises of land have been considered by our Courts, it has never been made a question, whether the grantor or de *436 visor, was in, or out of possession; and to make it now, would be to disturb what has been looked upon as settled.” Nevertheless, the Court should have instructed the jury, in what manner the will of John M1-Far lane was to be construed. The testator having devised “ all that messuage and tenemen¿^ -whereon he lived, with the appurtenances,” if the 44 acres now in dispute, were at that time separated from the plantation on which he lived, and he did not. keep up his claim, they would not pass by the will; but if he did keep up his claim, they might pass. It was a question of intention, involving a fact on which the jury might decide. Whether an estate passes, is matter of law, but where that estate lies, or what is the extent of it, is fact. Light might be thrown on the intent, by reference to the instrument in the hands of the heirs of M'-Daniel; but without doubt, the defendant had a right to the opinion of the Court on the point proposed. Upon the whole, I am of opinion, that the judgment in this case, should be reversed, and a venire facias de novo awarded.
Judgment reversed, and á venire facias de novo awarded.